MEMORANDUM OPINION




No. 04-02-00713-CR



Bonfilio ROBLES a/k/a Bonfilio Robles Rodriguez,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas 


Trial Court No. 2000-CR-6273


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: July 23, 2003


MOTION TO WITHDRAW GRANTED; AFFIRMED

 Bonfilio Robles pled guilty to unauthorized use of a motor vehicle in exchange for the State's
recommendation that adjudication be deferred. The State made no recommendation of a prison term
should Robles later be adjudicated guilty. Pursuant to the plea agreement, the trial court deferred
adjudication and placed Robles on community supervision for a period of five years. The State later
filed a motion to adjudicate guilt, alleging Robles violated various conditions of his community
supervision. Robles pled true to one of the allegations. The trial court adjudicated Robles guilty,
sentenced him to two years in the Texas Department of Criminal Justice - State Jail Division, and
fined him $500.00. Robles filed a general notice of appeal. 

 Robles' court-appointed appellate attorney filed a motion to withdraw and a brief in which
he raises no arguable points of error and concludes this appeal is frivolous and without merit. The
brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).
Robles was provided a copy of the brief and motion to withdraw and informed of his right to file his
own brief. He has not done so. We have reviewed the record and found no reversible error. 

 The trial court complied with Robles' plea agreement by granting him deferred adjudication.
Former Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, which was in effect when Robles
was sentenced and filed his notice of appeal, limits the issues we are authorized to review in an
appeal from a plea-bargained conviction when punishment has been assessed in accordance with the
plea agreement. This rule restricts an appeal to issues the trial court granted permission to appeal,
jurisdictional issues, and issues raised by written motion and ruled on before trial, and requires
appellant to specify the ground for appeal in the notice. Tex. R. App. P. 25.2(b)(3). Robles did not
specify any of these grounds in his notice of appeal. Moreover, the record reflects the trial court had
jurisdiction, the trial court did not grant Robles permission to appeal, and there were no written
motions filed and ruled on before trial. Our review is further constrained by article 42.12, section
5(b) of the Texas Code of Criminal Procedure, which precludes appeal of the trial court's
determination to proceed with the adjudication of guilt. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 5(b) (Vernon Supp. 2002) ("defendant is entitled to a hearing limited to the determination by the
court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be
taken from this determination."); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999)
("an appellant whose deferred adjudication probation has been revoked and who has been
adjudicated guilty of the original charge, may not raise on appeal contentions of error in the
adjudication of guilt process."). Finally, we find no preserved error in Robles' sentencing. See
Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001).

 Having reviewed the record and counsel's brief, we agree the appeal is frivolous and without
merit. We therefore affirm the trial court's judgment and grant the motion to withdraw filed by
Robles' counsel. See Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.--San Antonio 1997, no pet.);
Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.).


 Sarah B. Duncan, Justice


Do not publish